UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARIAN ETHEL ROBBINS, personal representative on behalf of ESTATE OF BURRELL ROBBINS,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED GLOVE CORPORATION, et al.,<br><br>Defendants. | Case No. 2:11-cv-01610-MMD-CWH<br><br>ORDER<br><br>(Motion for Substitution of Party – dkt. no. 114) |

**I. SUMMARY**

Before the Court is Plaintiff Estate of Burrell Robbins' ("Estate") Motion for Substitution of Party. (Dkt. no. 114.) For the reasons discussed below, the Motion is granted.

**II. BACKGROUND**

On May 21, 2012, Plaintiff Marian Ethel Robbins, Personal Representative of the Estate of Burrell Robbins, died. On June 20, 2012, all parties were served with a Notice of Death pursuant to Fed. R. Civ. P. 25(a)(1).

In their Motion, John and Paul Robbins (herein after "proposed representatives" or "Movants"), the personal representatives and co-administrators of the Estate of Marian Ethel Robbins, request to be substituted in Marian Robbins' place as Plaintiffs in this case.

## III. DISCUSSION

### A. Legal Standard

Rule 25(a)(1) of the Federal Rule of Civil Procedures provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. The motion for substitution may be made by any party or by the decedent's successor or representative. If motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Rule 25(a) authorizes the substitution of proper parties when an existing party dies after the suit is commenced. Rule 25 leaves the substitution decision to the trial court's sound discretion. *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000); Fed. R. Civ. P. 25 advisory committee note (1963) (substitution "will ordinarily be granted" but rule gives trial court discretion to account for potential unfairness or prejudice).

Rule 25 "requires two affirmative steps in order to trigger the running of the 90-day period." *In re MGM Mirage Sec. Litig.*, 282 F.R.D. 600, 602 (D. Nev. 2012) (citing *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)). "First, a party must formally suggest the death of the party upon the record." *Id.* (citations omitted). "Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Id.* (citations omitted).

The parties do not contest that Movants' Motion to Substitute falls within the statutory period. Nor could they, as Movants filed and served the Notice of Death on June 20, 2012, and filed the Motion for Substitution 62 days later on August 21, 2012.

### B. Analysis

#### 1. Whether Movants are Legally Authorized Co-Personal Representatives of the Estate

Defendants oppose the Motion, arguing that Movants "provides absolutely no evidence showing that John Robbins or Paul Robbins have been legally authorized to serve as 'co-personal representatives' of Ms. Robbins['] estate." (Dkt. no. 115 at 2.)

///

1  Under Fed. R. Civ. P. 25(a)(1), the proper party for substitution is "the person who has the legal right and authority to . . . defend against the claims brought against the deceased party." James William Moore, 6 Moore's Federal Practice § 25.12[3] (Matthew Bender 3d ed. 2006). "The movant must provide evidence that the party to be substituted is the successor in interest or legal representative of the decedent." *Totten v. Blair Excavators, Inc.*, No. C-03-5030, 2006 WL 3391439, at *1 (N.D. Cal. Nov. 22, 2006) (citing *Hilao v. Estate of Marcos*, 103 F3d 762, 766 (9th Cir. 1996) (applying Rule 25(a)(1) to legal representatives of the deceased defendant's estate); *Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952) ("Rule 25(a)(1) applies only to the substitution of *legal* representatives") (emphasis added)).

Movants attach several documents to their Reply Brief demonstrating that the proposed representatives have been legally authorized to serve as co-personal representatives of Ms. Robbins' Estate. First, Article Five of Ms. Robbins' will appoints John and Paul Robbins as her co-personal representatives. (Dkt. no. 122-1 at 4.) Second, Movants attach a Letter of Co-Personal Representative substituting John and Paul Robbins as personal representatives in the place of and stead of Marian Ethel Robbins in the Estate of Burrell L. Robbins. (Dkt. no. 122-2.) The document was filed on July 24, 2012, in Superior Court of the State of Arizona, County of Yavapai. (*Id.*)

The Court determines that these documents suffice to establish that Movants are in fact the legally authorized co-personal representatives of Ms. Robbins' estate.

**2. Whether Movants Meet the Residency Requirement for Substitution or Satisfy any Exceptions Therein**

Defendant Okonite opposes the Motion to Substitute on separate grounds, arguing that Movants fail to identify whether John and/or Paul Robbins are residents of

///
///
///
///

3

Nevada.[1]  NRS § 139.010(4) holds that "no person is entitled to letters of administration if the person . . . is not a resident of Nevada. . . ."

NRS § 10.155 defines "legal residence" as "that place where the person has been physically present within the State or county, as the case may be, during all of the period for which residence is claimed by the person."[2]  *See also Vaile v. Eighth Judicial Dist. Court ex rel. County of Clark*, 44 P.3d 506, 511 (Nev. 2002) (stating that NRS § 10.155 "requires actual, physical presence in Nevada during 'all of the period' for which residency is claimed.  The only exception is for absence with a good faith intention of returning without delay.")

At the December 4, 2012, hearing regarding this Motion, counsel for Movants informed the Court that John Robbins has continuously resided in Nevada since 1987.  Counsel for Defendants did not contest this.  Accordingly, John Robbins may serve as personal representative of Ms. Robbins' estate in accordance with NRS § 139.010.  Moreover, Paul Robbins may also serve as personal representative of Ms. Robbins' estate because NRS § 139.010(4)(a) allows nonresidents to serve as representatives if they "[a]ssociate as coadministrator [to] a resident of the State of Nevada . . . ."  Because nonresident Paul Robbins associates with resident John Robbins as co-administrators and co-personal representatives of Ms. Robbins' estate, both Movants may be substituted as Plaintiffs in this case.

///

///

///

---

[1] Defendant Okonite also opposes the Motion because Movants did not attach a proposed amended complaint to their Motion for Substitution of Party. However, Movants cured this deficiency by attaching a proposed third amended complaint to their Reply Brief. (Dkt. no. 122-4.)

[2] The statute further states that "[s]hould any person absent himself or herself from the jurisdiction of his or her residence with the intention in good faith to return without delay and continue his or her residence, the time of such absence is not considered in determining the fact of residence."

4

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Movants' Motion to Substitute Party (dkt. no. 114) is GRANTED.

DATED THIS 5th day of December 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE